JOSHUA J. CLIFFE, Bar No. 215390
jcliffe@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

BRITNEY N. TORRES, Bar No. 287019
btorres@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
Telephone: 916.830.7200
Fax No.: 916.561.0828

Attorneys for Defendant
NATIONAL DISTRIBUTION CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JUAN MANUEL PEREZ-REYES and MYRA PEREZ-REYES, as individuals and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL DISTRIBUTION CENTERS, LLC and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 5:17-cv-02434-JGB-SP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Date: None Set<br>Time: None Set<br>Courtroom: 1<br><br>Complaint Filed: May 3, 2017 |

# I. INTRODUCTION

In its Order granting Plaintiff's Motion to Remand, Dkt. No. 26 ("Order"), the Court states that it found the "figures offered by Defendant [National Distribution Centers, LLC ("Defendant")] as to the number of putative class members separated from [Defendant]" to be "contradictory." Order at 6. However, the figures offered by Defendant in support of its Notice of Removal ("NOR") in the Declaration of Martha Michel, Dkt. No. 4 ("Michel Declaration") and the figures offered by Defendant in support of its Opposition to Plaintiffs' Motion to Remand in the Declaration of Jeremy Behrens, Dkt. No. 19-1 ("Behrens Declaration"), were not contradictory. Rather, they were consistent - they both showed that more than 1,227 non-exempt California employees had separated from employment with Defendant since May 3, 2014. Although the Behrens Declaration established a larger number of employees than the Michel Declaration, that difference is logical based on the passage of time between the Michel Declaration and the Behrens Declaration. As such, the two declarations are in no way contradictory and the Behrens Declaration, therefore, should not have been disregarded. Based on the evidence submitted by Defendant (i.e., the Behrens Declaration), Defendant has established the CAFA minimum jurisdictional amount.

Moreover, the Michel and Behrens Declarations were not contradictory because of the distinct burdens of proof at removal and remand. And, Plaintiffs could not have established an amount in controversy calculation because they did not submit any evidence regarding waiting time penalties in support of their Motion to Remand. As such, the only way for the Court to find that Defendant had not established an amount in controversy in waiting time penalties was to completely disregard the number of separated employees established by the Behrens Declaration.

Defendant does not make the decision to move for reconsideration lightly. Nevertheless, it believes that disregarding the above fact constitutes a "manifest showing of a failure to consider material facts presented to the Court before

such decision." Central District of California Local Rule 7-18(c). Defendant accordingly applies *ex parte* to move the Court to reconsider its order to remand this action pursuant to Central District of California Local Rule 7-18(c).

## II. DEFENDANT MEETS THE CAFA JURISDICTIONAL MINIMUM AMOUNT BASED UPON THE EVIDENCE.

### A. <u>CAFA Allows The Court To Reconsider Its Order To Remand Prior To Defendant Filing A Petition For Review</u>.

Section 1447(d) provides that an order remanding a case to the State court "is not reviewable on appeal or otherwise[,]" which courts have interpreted to mean that once the Court certifies an order of remand, it cannot hear a motion to reconsider its decision. *See, e.g., Seedman v. U.S. Dist. Court*, 837 F. 2d 413, 414 (9th Cir. 1988). The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), however, was passed in 2005, which expressly provides that, "***notwithstanding section 1447(d)***, a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action[.]" 28 U.S.C. § 1453(c)(1) (emphasis supplied).

Courts have thus held that motions for reconsideration of remand orders are proper under CAFA. *See, e.g., In re Burlington Northern Santa Fe Railway Co.*, 606 F. 3d 379, 380 (7th Cir. 2010) (Section 1447(d) request for appeal premature before motion for reconsideration decided); *Natale v. General Motors Corp.*, 2006 U.S. App. LEXIS 32859, *3-4 (7th Cir. May 8, 2006) (motion for reconsideration extends time to file request for appeal under CAFA); *Irish v. Burlington Northern Santa Fe Railway*, 632 F. Supp. 2d 871, 873 (W.D. Wis. 2009) (under CAFA, if the "court of appeals has 'jurisdiction to review a remand order, it would be efficient to allow the district court also to retain jurisdiction to reconsider its order"); *Wingo v. State Farm Fire and Cas. Ins.,* 2013 U.S. Dist. LEXIS 104135, *4 (W.D. Mo. Jul. 25, 2013) (under CAFA, the district court "retains jurisdiction to reconsider remand order"); *Webb v. Riceland Foods, Inc.*, 2008 U.S. Dist. LEXIS 112425, *4 (E.D. Ark.

Nov. 17, 2008) (motion for reconsideration "is a proper alternative" to using "CAFA appeal provisions"). This Court may thus reconsider its remand Order.

### B. The Court Failed To Consider Material Facts In Finding That Neither Party Established Any Amount In Controversy For Waiting Time Penalties.

The Court's remand Order is dependent upon its calculation of waiting time penalties. Although Defendant calculated at least $3,510,012.80 in waiting time penalties in controversy and Plaintiffs offered no calculations of their own, the Court disregarded Defendant's calculation based on a finding that the "figures offered by Defendant as to the number of putative class members separated from [Defendant]" were "contradictory." Order at 6.[1] As a result, the Court found that "neither party . . . established by a preponderance of evidence any amount in controversy for the waiting-time penalties." Order at 6.

#### 1. Defendant Established Waiting Time Penalties And The Declarations Of Michel And Behrens Are Not Contradictory.

The figures offered by Defendant in support of its NOR in the Michel Declaration and the figures offered by Defendant in support of its Opposition to Plaintiffs' Motion to Remand in the Behrens Declaration were not contradictory. Rather, they were consistent. They both showed that ***more than*** 1,227 non-exempt California employees had separated from employment with Defendant since May 3, 2014.

The NOR calculations were based upon Michel's statement that "***over*** 1,227 non-exempt California employees have separated from Defendant" since May 3, 2014. *See* Michel Decl. (Dkt. No. 4), ¶ 6 (emphasis added). The Michel Declaration

[1] Plaintiffs conceded, and the Court therefore adopted, Defendant's calculation of wage statement penalties in controversy at $2,832,550. Order at 6. If the Court adopted Defendant's calculation of waiting time penalties in controversy, the jurisdictional minimum would have been met regardless of the ruling on attorney's fees.

was signed on December 4, 2017 but was based on data from June 8, 2017.[2] Torres Decl., ¶ 3. The Michel Declaration was purposely drafted to establish the ***minimum*** number of employees that separated from Defendant since May 3, 2014 so that Defendant would not have to incur the time and expense of re-running the underlying data for removal purposes. *Id*.

The calculations submitted in support of Defendant's Opposition to Plaintiffs' Motion to Remand, however, were based on the Behrens' Declaration which established that 2,163 regular, full-time, non-exempt employees in California were terminated from May 3, 2014 to January 8, 2018. *See* Behrens Decl., ¶ 3.

In light of the passage of time between the date of the Michel Declaration and the Behrens Declaration, it is logical that the Behrens Declaration established a greater number of employees that had separated from employment with Defendant at the time that declaration was submitted. The two declarations certainly are not contradictory. *Compare* Michel Decl., ¶ 6 (establishing that over 1,227 employees had separated from employment as of the date the declaration was signed [December 4, 2017]) *with* Behrens Decl., ¶ 3, Ex. A (establishing a specific number of employees [2,163] that separated from employment through a later date [January 8, 2018]). Rather, they both establish that over 1,227 employees separated from employment with Defendant. As such, they are consistent.

### 2. The Michel Declaration Met The Burden Of Proof For Removal And The Behrens Declaration Met the Burden Of Proof For Remand.

For removal under CAFA, Defendant was required to "include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. ——,135 S.Ct. 547, 554; 190 L.Ed.2d 495, 504 (2014) (emphasis added). Indeed, evidentiary submissions are ***not required*** at the time of removal. *Id.* at 551, 554; *Ibarra v.*

[2] The data was run in June 2017 to facilitate mediation between the Parties.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

*Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The NOR met the burden at removal because it established, through the Michel Declaration, that ***at least*** a certain number of employees had been separated from Defendant in the statutory period.

For remand purposes, however, both sides were required to "submit proof" regarding the amount in controversy. *Dart*, 135 S.Ct. at 554. Such proof may include "affidavits or declarations, or other summary-judgment-type evidence." *Ibarra*, 775 F.3d at 1197. The Behrens Declaration met the burden of proof at remand because it established the ***exact number*** of separated employees for a specific time frame and included a list of each of those employees.

It would be improper for the Court to preclude Defendant from meeting the burden of proof at remand based upon the showing at removal because the burdens at remand and removal are not the same. The Behrens Declarations established that the CAFA minimum amount in controversy was met by a preponderance of the evidence. The Michel Declaration, which constituted a short and plain statement in support of removal, should not preclude such a finding. Such a result would disregard the applicable burdens of proof and result in either an improperly high burden at removal or unjust results at remand.

**3. The Number Of Separated Employees Was Established By A Preponderance Of The Evidence Because Plaintiffs Failed To Submit Any Competing Evidence.**

For remand purposes, "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 135 S.Ct. at 554. The "preponderance of the evidence" standard simply requires the trier of fact to decide whether the existence of a fact is more probable than its nonexistence. *Concrete Pipes & Prods. of Calif., Inc. v. Construction Laborers Pension Trust for Southern Calif.*, 508 U.S. 602, 622 (1993); *Kennedy v. Southern Calif. Edison Co.*, 268 F3d 763, 770 (9th Cir. 2001). The preponderance standard is

"no more than a tie-breaker dictating that when the evidence on an issue is ***evenly balanced***, the party with the burden of proof loses." *Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n. 9 (1997).

Here, Defendant did not submit any evidence relating to calculation of the amount of waiting time penalties in controversy. Order at 6. As such, there is ***no evidence*** to support a finding that the amount of waiting time penalties in controversy is less than $3,510,012.80. The evidence on the issue is not evenly balanced, but rather entirely one-sided. Only Defendant submitted evidence to support waiting time penalty calculations and ***all of that evidence*** results in at least $3,510,012.80 in controversy in waiting time penalties.

As such, the minimum amount in controversy requirement under CAFA was met by a preponderance of the evidence.

## III. CONCLUSION

In its Order, the Court disregarded Defendant's calculation based on a finding that the "figures offered by Defendant as to the number of putative class members separated from [Defendant]" were "contradictory." Order at 6. However, the figures included in the Michel Declaration and Behrens Declaration were consistent, not contradictory; both declarations established that over 1,227 employees had been separated from employment with Defendant in the statutory period. Moreover, the low burden of proof at removal should not operate to preclude Defendant from meeting the higher burden of proof at remand. And, because Plaintiffs submitted no evidence in support of their Motion to Remand, Defendant clearly established the amount in controversy by a preponderance of the evidence. For these reasons, Defendant has applied *ex parte* to move the Court to reconsider its order remanding this action to the Superior Court.

Dated: February 7, 2018

*/s/ Britney N. Torres*
JOSHUA J. CLIFFE
BRITNEY N. TORRES
LITTLER MENDELSON, P.C.
Attorneys for Defendant
NATIONAL DISTRIBUTION
CENTERS, LLC