UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JUAN MANUEL PEREZ-REYES and MYRA PEREZ-REYES, as individuals and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL DISTRIBUTION CENTERS, LLC and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 5:17-cv-02434-JGB-SP<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION FOR RECONSIDERATION OF MOTION TO REMAND**<br><br>Date: None Set<br>Time: None Set<br>Courtroom: 1<br><br>Complaint Filed: May 3, 2017 |



LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

# ORDER

**WHEREAS**, National Distribution Centers, LLC ("Defendant") filed an *ex parte* application on February 7, 2018, moving this Court to reconsider its order to remand this action, Dkt. No. 26 ("Order") pursuant to Central District of California Local Court Rule 7-18(c);

**WHEREAS**, Defendant provided timely and proper notice of the *ex parte* application to Plaintiffs' counsel;

**WHEREAS**, Plaintiffs opposed Defendant's *ex parte* application;

**WHEREAS**, this Court has authority to reconsider the Order. *See* 28 U.S.C. § 1332(d); *see also In re Burlington Northern Santa Fe Railway Co.*, 606 F. 3d 379, 380 (7th Cir. 2010) (Section 1447(d) request for appeal premature before motion for reconsideration decided); *Natale v. General Motors Corp.*, 2006 U.S. App. LEXIS 32859, *3-4 (7th Cir. May 8, 2006) (motion for reconsideration extends time to file request for appeal under CAFA); *Irish v. Burlington Northern Santa Fe Railway*, 632 F. Supp. 2d 871, 873 (W.D. Wis. 2009) (if "court of appeals has 'jurisdiction to review a remand order, it would be efficient to allow the district court also to retain jurisdiction to reconsider its order"); *Wingo v. State Farm Fire and Cas. Ins.,* 2013 U.S. Dist. LEXIS 104135, *4 (W.D. Mo. Jul. 25, 2013) (under CAFA, district court "retains jurisdiction to reconsider remand order"); *Webb v. Riceland Foods*, *Inc.*, 2008 U.S. Dist. LEXIS 112425, *4 (E.D. Ark. Nov. 17, 2008) (motion for reconsideration "is a proper alternative" to using "CAFA appeal provisions");

**WHEREAS**, Defendant will be irreparably prejudiced if the Court denies its *ex parte* application to reconsider its Order because a noticed motion requires 28 days' notice, and pursuant to 28 U.S.C. § 1453(c)(1), Defendant must petition the court of appeals within 10 days of February 1, 2018, the day this Court entered its Order;

**WHEREAS**, Defendant is without fault in creating the circumstances that required *ex parte* relief and acted in good faith and expeditiously to bring the matter to the attention of the Court;

**WHEREAS**, good cause exists to reconsider the Order;

Therefore, the Court hereby ORDERS as follows:

1. Defendant removed the present action to this Court pursuant to the Class Action Fairness Action of 2005 ("CAFA"), 42 U.S.C. section 1332(d). Plaintiffs moved to remand, arguing that Defendant was not able to show that the amount in controversy met the CAFA $5 million minimum.

2. In the Order, the Court found that the "figures offered by Defendant as to the number of putative class members separated from [Defendant]" were "contradictory." Order at 6. On that basis, the Court disregarded Defendant's calculation of the waiting time penalties in controversy and, on that basis, found that it had not been established by a preponderance of the evidence.

3. This constitutes a "manifest showing of a failure to consider material facts presented to the Court before such decision." Central District of California Local Rule 7-18(c).

4. The figures offered by Defendant as to the number of putative class members separated from Defendant were not contradictory. Rather, the figures offered by Defendant in support of its Notice of Removal ("NOR") in the Declaration of Martha Michel, Dkt. No. 4 ("Michel Declaration") and the figures offered by Defendant in support of its Opposition to Plaintiffs' Motion to Remand in the Declaration of Jeremy Behrens, Dkt. No. 19-1 ("Behrens Declaration"), were consistent. Both declarations showed that more than 1,227 non-exempt California employees had separated from employment with Defendant since May 3, 2014.

5. The Court finds that Defendant has met its burden of establishing the amount in controversy by a preponderance of the evidence based on the calculations set forth in its Opposition to Plaintiffs' Motion to Remand. Specifically, Defendant has introduced evidence that, based on the allegations in the Complaint, there is at least $3,510,012.80 in waiting time penalties in controversy. Moreover, Defendant introduced evidence, and Plaintiffs conceded, that there is at least $2,832,550 in wage

statement penalties in controversy. As such the $5 million jurisdictional minimum under CAFA is met.

**IT IS SO ORDERED.**

Dated:

HON. JESUS G. BERNAL
UNITED STATES DISTRICT COURT JUDGE

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940